# IN THE COURT OF APPEALS OF IOWA

No. 24-0764
Filed September 4, 2025

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**BRIAN ALAN MANNING,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Jackson County, Mark R. Lawson,
Judge.


　　　Brian Manning appeals his conviction for second-degree murder.
**AFFIRMED.**


　　　R. Ben Stone of Parrish Kruidenier LLP, Des Moines, for appellant.

　　　Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney
General, for appellee.


　　　Considered without oral argument by Buller, P.J., Langholz, J., and
Doyle, S.J.*

　　　*Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2025).

**DOYLE, Senior Judge.**

Brian Manning appeals his conviction for second-degree murder after shooting and killing Michael Berg in November 2022. We reject Manning's claims that his conviction is unsupported by the weight or sufficiency of the evidence. Because Manning failed to preserve error on his remaining claims, we affirm.

The evidence shows that Manning and Berg were friends for about ten years. At the time of the shooting, Berg was considering renting a house on property owned by Mannings' parents. Manning, who managed the rental, gave Berg a ride to see the property. On the drive, Manning stopped at a store to allow Berg to buy vodka. Berg chugged vodka from the bottle during the drive.

Berg had a reputation for acting aggressively while intoxicated, and an altercation began soon after they arrived at the property. Manning fired one round from a .38 caliber pistol into the ground as a warning. Manning's father, Bruce, heard the shot and Manning yelling that Berg was trying to kill him. Bruce ran over as Berg attempted to punch Manning. After Manning pushed Berg away, Berg grabbed Bruce around the neck. Manning became alarmed because Bruce had metal implants installed to stabilize his vertebrae after sustaining a life-threatening neck injury two years earlier. Afraid that Berg might paralyze or kill his father, Manning fired another warning shot into the ground. When Manning tried to pull Berg's arm away from Bruce's neck, Berg squeezed it harder. Berg slammed Bruce's head against a tree, and Manning shot Berg in the chest. Berg died as a result.

A jury found Manning guilty of second-degree murder. Manning moved for new trial and in arrest of judgment, arguing that the prosecutor engaged in

misconduct and the verdict was contrary to the weight of the evidence. Manning concedes that his trial counsel failed to preserve error by challenging the instances of misconduct when they occurred. *See State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011) ("Krogmann cannot obtain a new trial based on prosecutorial misconduct when he failed to move for a mistrial at the time."). Because defendants can no longer raise claims of ineffective assistance of counsel on direct appeal, *see* Iowa Code § 814.7 (2024), Manning asks us to reexamine existing precedent and allow direct appeal of claims of prosecutorial misconduct during closing argument without a timely objection. We are not at liberty to do so. *See State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014). Likewise, we reject Manning's claim that the court should have considered whether he was guilty of the lesser-included offense of voluntary manslaughter while weighing the evidence of his guilt because he never raised the claim to the trial court and thus waived error on appeal. *See State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015) ("[I]t is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable." (citation omitted)).

We turn then to Manning's claim that the weight of the evidence goes against the jury's verdict regarding justification and malice aforethought. We review rulings on motions for new trial asserting a verdict contradicts the weight of the evidence for abuse of discretion. *See State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). District courts grant new trials only in exceptional circumstances. *See id.* at 705. An abuse of discretion occurs when a court exercises its discretion on clearly untenable grounds or to a clearly unreasonable extent. *See State v.*

*Wickes*, 910 N.W.2d 554, 564 (Iowa 2018). A verdict is not contrary to the weight of the evidence unless "a greater amount of credible evidence supports one side of an issue or cause than the other." *Id*. at 570 (citation omitted).

At sentencing, the court recounted the evidence for and against the jury's findings concerning justification and malice aforethought in detail, spanning roughly ten pages of trial transcript. Although Manning claims he shot Berg out of concern for his father's wellbeing, the court noted that Manning pulled his firearm and shot into the ground "in the midst of a relatively innocuous argument" before his father was involved. As the court observed, Manning displayed a volatile temper a couple of times in video viewed by the jury, showing Manning could form malice and malice aforethought in "a very short period of time." It also noted that an instruction allowed the jury to infer malice aforethought from Manning's use of a firearm. And though Manning's father presented evidence supporting his justification defense, the court cited reasons to doubt that testimony.

Finally, Manning claims that insufficient evidence supports the jury's verdict on the questions of justification and malice aforethought. We review challenges to the sufficiency of the evidence for correction of legal errors and uphold the verdict if substantial evidence supports it. *State v. Heard*, 636 N.W.2d 227, 229 (Iowa 2001). Evidence is substantial if it could convince a rational fact finder that the defendant is guilty beyond reasonable doubt. *Id*. We review the evidence, including all legitimate inferences and presumptions that may be reasonably drawn from the record, in the light most favorable to the State. *Id.*

Viewing the evidence in the light most favorable to the State, we agree that substantial evidence supports Manning's conviction for second-degree murder.

The jury was permitted to infer malice aforethought based on Manning's use of a deadly weapon. Video of Manning after the shooting and the fact that it occurred after an altercation with Berg further support that finding. And discrepancies between the testimony of Manning's father and the physical evidence is enough for the jury to reject the justification defense.

In the alternative, Manning argues that the case shows, at most, that he committed voluntary manslaughter. We agree that a rational jury could find Manning guilty of voluntary manslaughter rather than second-degree murder. But the fact that a different jury may have reached a different conclusion does not render the evidence insufficient for second-degree murder. *See State v. Keeton*, 710 N.W.2d 531, 535 (Iowa 2006) ("[I]t is not for us to interfere with the finding made when supported by substantial evidence, even though the evidence may have also supported a finding favorable to the defendant.").

Because Manning's conviction for second-degree murder is supported by both the weight and sufficiency of the evidence, we affirm.

**AFFIRMED.**